## LEE ROGUEMORE v. THE STATE.

*No. 6621. Decided June 15.*

**Theft—Practice—Accomplice Testimony.**—A conviction for crime can not be had upon the uncorroborated testimony of an accomplice. See the opinion for the substance of evidence *held* insufficient to support a conviction for theft, because based upon the uncorroborated testimony of an accomplice.

APPEAL from the District Court of Wilbarger. Tried below before Hon. G. A. Brown.

The opinion states the case. The penalty assessed was a term of five years in the penitentiary.

No brief for appellant.

*W. L. Davidson*, Assistant Attorney-General, and *G. W. Walters*, for the State.

HURT, JUDGE.—This conviction is for the theft of a horse.

On the 9th day of November, 1888, near Vernon, Wilbarger County, Frank Crenshaw's gray horse was in the barn of its owner, the barn being closed and fastened. On that night the east door shutter was pried open, and the horse taken by some one. Crenshaw states that the defendant knew how to open the shutter, and that without such knowledge the shutter could not have been opened in the manner in which it was opened. It is made to appear on cross-examination that others had the same information as defendant had regarding the door. This is the only circumstance tending to connect the appellant with the theft of the horse, outside of the testimony of Shannon, save the fact that he was seen talking with Hill, Cooper, and Shannon—Hill and Cooper being the other persons implicated by Shannon—these conversations occurring in the town of Vernon just before and after the theft.

Shannon, who was evidently one of the thieves, made a complete case against the appellant. Besides being contradicted by other witnesses, he contradicts his own former statements, and makes out a very clear case of perjury committed upon a former trial or on this trial. Being an accomplice, he, to sustain a conviction upon his testimony should be corroborated by other witnesses or witness. This should be testimony from a pure source, tending to connect the defendant with the theft of the horse. That defendant did know how the shutter to the barn was fastened, and that this was necessary knowledge, etc., weighs nothing when considered in connection with the fact that others had the same knowledge. That he associated with Hill and Cooper, and conversed with them, or even with Shannon, is not such testimony as would sanction the verdict—not such corroboration as would justify a conviction upon the testimony of an avowed thief.

Because the accomplice is not sufficiently corroborated the conviction is set aside, the judgment is reversed, and the case remanded for another trial.

*Reversed and remanded.*

Judges all present and concurring.